JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tashell Johnson

## DEFENDANTS

Adecco USA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Drake P. Bearden, Jr., Costello & Mains, LLC,
18000 Horizon Way, Ste. 800, Mt. Laurel, NJ 08054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Pregnancy Discrimination Act

Brief description of cause:
Defendant discriminated against Plaintiff because of her pregnancy, failed to accommodate her, and retaliated against her

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/4/2020

SIGNATURE OF ATTORNEY OF RECORD
*Drake Bearden Jr*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  Phillipsburg, NJ

Address of Defendant:  Easton, PA

Place of Accident, Incident or Transaction:  Easton, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/4/20     _____ Must sign here     308035
                  *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, DRAKE P. BEARDEN, JR _____ , counsel of record *or pro se* plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/4/20     _____ Sign here if applicable     308035
                  *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASHELL JOHNSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | DOCKET NO: |
| ADECCO USA, | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Tashell Johnson, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court pursuant to the Pregnancy Discrimination Act ("PDA") and the Pennsylvania Human Relations Act ("PHRA") alleging pregnancy discrimination, failure to accommodate and retaliation.

### Jurisdiction and Venue

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3).

2.     Jurisdiction lies over the state law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. § 1367.

1

3.      The amount in controversy, exclusive of interest, fees and costs exceeds the sum of $100,000.00.

4.      All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Defendant who conducts business within the jurisdictional limits.  Venue has accordingly been invoked pursuant to the dictates of 28 U.S.C. § 1391 (b) and (c).

5.      Plaintiff exhausted her administrative remedies pursuant to the PDA and PHRA claims in that she filed a claim with the Equal Employment Opportunity Commission ("EEOC"), with which was filed concurrently with the PHRC.

6.      That Complaint has been attached as Exhibit "A".

7.      On September 2, 2020, the EEOC issued a Right to Sue.

8.      That Right to Sue has been attached as Exhibit "B".

### Identification of Parties

9.      Plaintiff Tashell Johnson was, at all times relevant herein, a resident of the State of New Jersey, and a former employee of Defendant Adecco USA.

10.     Defendant Adecco USA was, at all times relevant herein, a corporation operating in the City of Easton, Pennsylvania.

### General Allegations

11.     Plaintiff began working for Defendant on or around November 19, 2019.

12.     Plaintiff arrived at Defendant's warehouse in Easton, Pennsylvania for orientation.

13.     The Easton, Pennsylvania warehouse was a distributor for clothing and perfume brands run by a company called Radial.

2

14.    Defendant was the staffing agency for Radial.

15.    Plaintiff returned to work the following day on November 20, 2019.

16.    Plaintiff reported to work at 6:00 a.m.

17.    Plaintiff was scheduled for an anatomy scan due to the fact that Plaintiff was pregnant, which was to occur at 10:30 a.m.

18.    Plaintiff attempted to cancel the anatomy scan, but her doctor's office tried to convince Plaintiff to keep the appointment.

19.    Plaintiff then spoke to a supervisor named Jose, who was an employee of Radial, about the appointment.

20.    Jose told Plaintiff that it was okay for her to clock out and to go to the appointment and return to work.

21.    Jose told Plaintiff to let the manager from Adecco know that she was leaving for the appointment.

22.    Plaintiff told a manager whose name she does not know, who worked at the front desk, that she was leaving for the appointment.

23.    The manager asked Plaintiff to fill out leave paperwork which Plaintiff did.

24.    Plaintiff then took the leave paperwork to Jose to be signed, which he did.

25.    When Plaintiff returned to the front desk, the woman who gave Plaintiff the paperwork was gone.

26.    Plaintiff clocked out since it was about 10:00 a.m., and she needed to leave for the doctor's appointment.

27.    Plaintiff then went to the front office where several managers were located.

28.    Plaintiff give the paperwork to a manager at Adecco named Vince Bianca.

29.     At the time, Plaintiff told Bianca that she was given permission to go to the doctor's appointment for an anatomy scan related to her pregnancy.

30.     Bianca responded that Plaintiff worked for Adecco and only he could sign paperwork allowing Plaintiff to leave, not the manager from Radial.

31.     Bianca then stated that Plaintiff could not leave early because it was only her second day of work.

32.     Bianca then began raising his voice and stated to Plaintiff "You work for me, not Radial" and "Radial should have known not to sign the paper."

33.     Plaintiff then told Bianca that she would call the doctor's office and attempt to cancel the appointment.

34.     Plaintiff then got on the phone and began talking to her doctor.

35.     At that point, Bianca stated to Plaintiff, "You can't leave."

36.     Bianca then stated to Plaintiff that he was discontinuing her assignment with Adecco.

37.     Bianca told Plaintiff to get off the premises.

38.     Bianca then called for security to remove Plaintiff from the premises and threatened to call the police on Plaintiff.

39.     At that point, Plaintiff was terminated from her employment with Defendant.

40.     At the time Defendant terminated Plaintiff from her employment, Plaintiff was capable of performing all of the essential functions of her job with or without a reasonable accommodation.

41.     Plaintiff was pregnant within the meaning of the PDA and PHRA.

42.     A determinative or motivating factor in Defendant's decision to terminate Plaintiff was the fact that Plaintiff was pregnant.

43.     Plaintiff was further a member of a protected class as an individual who advanced her rights pursuant to the PDA and PHRA in making a request for an accommodation due to her pregnancy.

44.     Plaintiff was subjected to adverse employment actions, including, but not limited to, being terminated as a result of her request for an accommodation.

45.     Plaintiff's membership in one or more of the protected groups set forth above was a determinative or motivating factor in the adverse employment actions taken against her.

46.     Because the discrimination and retaliation was knowing, intentional and purposeful, punitive damages are warranted because the conduct was undertaken by members of upper management.

47.     To the extent there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in the conduct directed towards her was because of her membership in one or more of the protected groups set forth above.

48.     As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Pregnancy Discrimination Under the PDA

49.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.     The conduct set forth above constitutes discrimination based on Plaintiff's pregnancy and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Retaliation Under the PDA

51.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 50, as though fully set forth herein.

52.     Plaintiff engaged in protected activity under the PDA, in that she made a request for a reasonable accommodation due to her pregnancy.

53.     As a result of Plaintiff engaging in protected activity, she was subjected to adverse employment actions, including, but not limited to, being terminated from her employment.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate Under the PDA

54.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 53, as though fully set forth herein.

55.     Plaintiff made a request for an accommodation due to her pregnancy, that Plaintiff be permitted to attend a doctor's appointment.

56.     Defendant failed to provide Plaintiff with this reasonable accommodation, and instead terminated Plaintiff from her employment with Defendant.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Pregnancy Discrimination Under the PHRA

57.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 56, as though fully set forth herein.

58.     The conduct set forth above constitutes discrimination based on Plaintiff's pregnancy and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees,

equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Retaliation Under the PHRA

59.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 58, as though fully set forth herein.

60.     Plaintiff engaged in protected activity under the PHRA, in that she made a request for a reasonable accommodation due to her pregnancy.

61.     As a result of Plaintiff engaging in protected activity, she was subjected to adverse employment actions, including, but not limited to, being terminated from her employment.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Failure to Accommodate Under the PHRA

62.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 61, as though fully set forth herein.

63.     Plaintiff made a request for an accommodation due to her pregnancy, that Plaintiff be permitted to attend a doctor's appointment.

64.     Defendant failed to provide Plaintiff with this reasonable accommodation, and instead terminated Plaintiff from her employment with Defendant.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VII

### Request for Equitable Relief

65.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 64 as though fully set forth herein.

66.     Plaintiff requests the following equitable remedies and relief in this matter.

67.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

68.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

69.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

70.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

71.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

72.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

73.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By: _____
   **Drake P. Bearden, Jr.**

Dated:  October 30, 2020

## DEMAND FOR A TRIAL BY JURY

1.      Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to

*Rule* 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all counts in the above-

captioned action.

**COSTELLO & MAINS, LLC**

By: _____
    **Drake P. Bearden, Jr.**

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By: _____
    **Drake P. Bearden, Jr.**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: _____
         Drake P. Bearden, Jr.

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 530-2020-02777 |
| | PHRA | and EEOC |

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Tashell Johnson | | 09/17/1998 |

| Street Address | City, State and ZIP Code |
|---|---|
| 153 Chamber Street, Phillipsburg, New Jersey 08865 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Adecco USA | More than 15 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 10151 Deerwood Park Blvd, Building 200, Suite 400, Jacksonville, Florida 32256 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☒ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11/19/2019   Latest: 11/20/2019

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Charging Party, Ms. Johnson, began working for the Respondent, Adecco, on or around November 19, 2019. Ms. Johnson arrived at Adecco's warehouse in Easton Pennsylvania for orientation. The Easton Pennsylvania wearhouse was a distributer for clothing and perfume brands run by a company called Radial. Adecco was a staffing agency.

Ms. Johnson returned to work the following day on November 20, 2019. Ms. Johnson reported to work at 6:00am. She was scheduled for an anatomy scan due to the fact that she was pregnant at 10:30am. Ms. Johnson attempted to cancel the anatomy scan, but her doctor's office tried to convince her to keep the appointment.

Ms. Johnson then spoke to a supervisor by the name of Jose, who was an employee at Radial, about the appointment. Jose told Ms. Johnson that it was okay for her to clock out and go to the appointment and return to work. Jose told Ms. Johnson to let them manager from Adecco know that she was leaving for the appointment. Ms. Johnson told a manager, whose name she does not know, who worked at the front desk, she was leaving. The woman asked Ms. Johnson to fill out leave paperwork.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 1/26/2020 _____ Date <br> _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 530-2020-02777 |
| PHRA | | and EEOC |
| State or local Agency, if any | | |

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

Ms. Johnson took the paperwork to Jose to be signed, which he did. When Ms. Johnson returned to the front desk, the woman was gone. Ms. Johnson clocked out since it was about 10:00 a.m. and she needed to leave for the appointment. Ms. Johnson then went to the front office where several managers were located.

Ms. Johnson gave the paperwork to a manager of Adecco named Vince. At that time, Ms. Johnson told Vince that she was given approval to go to her doctor's appointment for an anatomy scan related to her pregnancy. Vince responded that Ms. Johnson worked for Adecco and only he could sign paperwork allowing her to leave, not a manager from Radial. Vince then stated that Ms. Johnson could not leave early because it was only her second day of work. Vince then began raising his voice and stated to Ms. Johnson, "You work for me, not Radial" and "Radial should have known not to sign the papers."

Ms. Johnson then told Vince that she would call the doctor's office and attempt to cancel the appointment. Ms. Johnson then got on the phone and began talking to her doctor. At that point, Vince stated to Ms. Johnson, "You can't leave." He then stated to Ms. Johnson that he was discontinuing her assignment with Adecco. Vince told Ms. Johnson to get off the premises. Vince then called for security to remove Ms. Johnson from the premises, and threatened to call the police on her. At that point, Ms. Johnson was terminated from her employment with Adecco.

Adecco and its employees conduct violated both Title VII of the 1964 Civil Rights Act ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Both acts prohibit an employer from discriminating against an employee because of her pregnancy, denying an employee an accommodation request because of her pregnancy, and retaliating against an employee for making an accommodation request. Ms. Johnson was pregnant, a fact that was known to the managers at Adecco. Ms. Johnson requested an accommodation that she be permitted to go to a doctor's appointment as a result of her pregnancy. Adecco and its employees refused to provide this very reasonable accommodation. In fact, in retaliation for Ms. Johnson making this accommodation request, Adecco and its employees terminated her from her employment.

Accordingly, the actions of Adecco and its employees violated both Title VII and the PHRA's provisions prohibiting pregnancy discrimination, requiring an employer to provide a reasonable accommodation for pregnancy, and retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/26/2020 Date    [signature] Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT "B"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Tashell Johnson**<br>**153 Chamber Street**<br>**Phillipsburg, NJ 08865** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-02777** | **Legal Unit** | **(267) 589-9700** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*                                    September 2, 2020

_____                          _____
**Jamie R. Williamson,**                                        *(Date Mailed)*
**District Director**

Enclosures(s)

cc:   **Kimberly Raffield-Simmons, Esq.**            **Drake Bearden, Esq.**
      **Paralegal, Employment & Litigation Group**   **COSTELLO & MAINS**
      **THE ADECCO GROUP NA**                        **18000 Horizon Way**
      **10151 Deerwod Park Boulevard**               **Suite 800**
      **Building 200, Suite 400**                    **Mount Laurel, NJ 08054**
      **Jacksonville, FL 32256**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within</u> <u>90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➤ **Only one** major life activity need be substantially limited.
➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.